# Keller | Postman

November 1, 2024

Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

          Re:    *Jones v. Starz Entertainment, LLC*, No. 24-1645, Scheduled for Oral Argument on Wednesday, December 4, 2024 (Pasadena, Courtroom 3)

Dear Ms. Dwyer,

Petitioner-Appellant submits the decision in *Heckman v. Live Nation Entertainment, Inc.*, ___ F.4th ___, 2024 WL 4586971 (9th Cir. Oct. 28, 2024), as supplemental authority.

Petitioner-Appellant's briefs explained that the Terms require individual, rather than consolidated arbitration, Opening Brief ("OB") at 32-47, Reply Brief ("RB") at 14-25, and that interpreting the Terms together with JAMS Rule 6(e) to allow consolidated arbitration would render them unconscionable, OB at 49-62, RB at 26-34. *Heckman* validates Petitioner-Appellant's arguments.

<u>First</u>, an arbitration agreement that provides for mass consolidation of claims rather than bilateral arbitration loses the protection of the Federal Arbitration Act ("FAA") and, to the extent it contains a class waiver, is unconscionable in California

Keller | Postman

under *Discover Bank v. Superior Court*, 113 P.3d 1100, 1110 (Cal. 2005). *Heckman*, 2024 WL 4586971, at *13-14; OB at 54-62; RB at 32-34.

Second, an arbitration agreement is misleading and procedurally unconscionable when it "state[s] that all claims will be resolved by 'individual arbitration,' and not 'in any purported class or representative proceeding[,]'" but then incorporates forum rules which "contemplate that cases with common issues or facts will be batched." *Heckman*, 2024 WL 4586971, at *7; OB at 50-51; RB at 27-28.

Third, an arbitration agreement is substantively unconscionable when it requires multiple claimants to share an arbitrator disqualification right that California law affords each individual party—a right the FAA does not preempt. *Heckman*, 2024 WL 4586971, at *11; OB at 51-54; RB at 28-32.

Respondent-Appellee's reading of the Terms to permit consolidation renders the Terms unconscionable for each of the above reasons. The Court should reject that reading because agreements to arbitrate should be interpreted to be enforceable. *See, e.g.*, *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983) ("any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whe[re] the problem at hand is the construction of the contract language"). To the extent the Court interprets JAMS Rule 6(e) to allow

Keller | Postman

consolidation notwithstanding the Terms, that provision must be severed to remedy the unconscionability. OB at 62-63, RB at 34-37.

Sincerely,

Warren Postman